# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS (PEORIA)

MATTHEW S. GORDON, II,
         Plaintiff,

vs.

TRANSUNION DATA SOLUTIONS LLC;
         Defendant.

CASE NO. 1:19-cv-01090-JES-JEH

Judge James E. Shadid
Magistrate Judge Jonathan E. Hawley

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Trans Union, LLC, improperly identified as Transunion Data Solutions, LLC ("Trans Union") by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

1.    DEFENDANT: <u>TRANSUNION DATA SOLUTIONS LLC</u> is indebted to Plaintiff for <u>$10.000 </u> for:

**<u>ANSWER:</u>**    Trans Union denies the allegations contained in this paragraph.

1. [sic]  Plaintiff, Matthew S Gordon II is an individual that's a resident in Mclean County, IL.

**<u>ANSWER:</u>**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2. [sic]  Defendant, TRANSUNION DATA SOLUTIONS LLC is a credit bureau and a foreign LLC registered to conduct business in the state of Illinois.

**ANSWER:**    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3. [sic]   Numbers 4-10 are for complaint against Defendant for willful injury from violating the Fair Credit Reporting Act also known as 15 U.S.C § 1681.

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

4. [sic]   On 10/5/2018 Plaintiff mailed Defendant a letter that Defendant received 10/10/18 disputing the accuracy of several accounts being reported on Plaintiff's credit report that Plaintiff believed to be inaccurate, some of those accounts were Chase Card, Discover Financial, Bank of America, Cavalry Portfolio and (2) American Express accounts.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5. [sic]   Plaintiff also asked Defendant in the letter mentioned above on number four of complaint for evidence that proves these accounts being reported are accurate and if it turns out they aren't to please delete the inaccuracies.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. [sic]  Defendant mailed Plaintiff a letter back within 30 days stating that the six accounts mentioned on number four of complaint were all verified as accurate, but Defendant did not provide any proof for these accuracies in the letter.

**ANSWER:**   Trans Union denies that it is required to "provide proof of these claims." Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7. [sic]  On 11/13/2018 Plaintiff mailed letters to the companies reporting these accounts to Defendant, asking these companies to investigate/validate these accounts and if there accurate to mail Plaintiff back evidence proving their accuracy, but if there not then delete whatever's inaccurate.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. [sic]  Within 30 days Plaintiff received letters back from the companies reporting these accounts to the Defendant, but none of them provided evidence to prove the accuracy of the account/s they were reporting on Plaintiff's credit report or deleted what was inaccurately reported.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. [sic]  On 12/31/18 Plaintiff mailed Defendant a letter letting Defendant know after Defendant said those six accounts were accurate, Plaintiff mailed a letter to the companies reporting the accounts asking for proof that the accounts are accurate which the companies were

unable to provide.   Plaintiff also demanded Defendant delete these inaccurate accounts or consider the letter constructive notice of Plaintiff's intent to sue Defendant in small claims court.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10. [sic]   On 2/2/19 Plaintiff received letter from Defendant stating Defendant did not delete these inaccurate accounts from Plaintiff's credit report which is reckless and violates the Fair Credit Reporting Act, due to Defendant's reckless behavior Plaintiff is seeking damages of $6,000 plus any further relief that this Honorable Court deems fair.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

11. [sic]  Defendants continuance of allowing these inaccurate accounts to be reported on Plaintiff's credit report even after multiple attempts by Plaintiff to get them removed is an act of defamation and is harming Plaintiffs right to good credit, Plaintiff seeks damages of $4,000 as a result plus any further relief that this Honorable Court deems fair.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Matthew S Gordon II prays that this Honorable Court enter an Order granting the following relief:

A.      That judgment be entered in favor of Plaintiff, Matthew S Gordon II and against Defendant in the amount of $10,000.

B.      That Costs of Suit be awarded Plaintiff.

C.       Any punitive damages and/or further relief that this Honorable Court deems is fair and equitable.

**ANSWER:**    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

2.       No part of the indebtedness has been paid.

**ANSWER:**    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

3.       DEFENDANT resides at 555 WEST ADAMS STREET CHICAGO. IL 60661 Cook County, Illinois.

**ANSWER:**    Trans Union admits that its principal place of business is at 555 West Adams Street, Chicago, IL 60661. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

4.       PLAINTIFF resides at 1209 Hovey Ave, Normal, IL 61761 Mclean County, Illinois, telephone No. (309)635-3065.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5.       The undersigned, being first duly sworn on oath, deposes and says that he has read the complaint and has knowledge of the contents thereof, and that the matters set out herein are true in substance and fact.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Trans Union's reports concerning Plaintiff were true or substantially true.

3.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

5.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

6.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

8.      Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9.      Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

10.      Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

11.      Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of

applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

12.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


*s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (IL #6183900)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC
(improperly identified as Transunion Data
Solutions LLC)*

1:19-cv-01090-JES-JEH  # 4  Page 9 of 9

erate

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **22nd day of March, 2019**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **22nd day of March, 2019**, properly addressed as follows:

| **Pro Se Plaintiff**<br>Matthew S. Gordon, II<br>1209 Hovey Avenue<br>Normal, IL  61761 | |
|---|---|

*s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (IL #6183900)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*
*(improperly identified as Transunion Data*
*Solutions LLC)*